UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Andrew Corpus,

    Petitioner,

vs.                         Case No. 2:10-cv-83-FtM-36DNF

Secretary, Florida Department of
Children and Families,

    Respondent.
_____

## **OPINION AND ORDER**

Petitioner, who is civilly committed to the Florida Civil Commitment Center ("FCCC") pursuant to Florida's Involuntary Civil Commitment of Sexually Violent Predators' Act, Fla. Stat. § 394.901, *et seq*. (the "Ryce Act"), initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 8, 2010 (Doc. #1, Petition). According to the Petition, the "Twentieth Circuit Court[,] Lee County" is the name and location of the court, which entered the judgment of conviction that Petitioner is challenging. Motion at 1, ¶1. Petitioner then references a 2005 case as the "case number," but then states that he was sentenced in 1997, and resentenced in 1999. Id. at ¶1(b), ¶2(b). Petitioner identifies "attempted capital sexual battery"

and "lewd fondling" as the crimes for which he was convicted. Id. at ¶5.[1]

Upon further review of the Petition and the documents attached thereto, it appears that Petitioner files the instant Petition to challenge his current disciplinary confinement at the FCCC. In particular, Petitioner contends, *inter alia*,[2] that he has been illegally held in disciplinary confinement "for about 4 years because he refused to double-bunk; and, because he filed civil complaints." Petition at 5. Petitioner states that he "exhausted all the grievances at [the] FCCC level." Id. As support, Petitioner attaches to his Petition various "grievance" documents he filed with FCCC officials. See Doc. #1-1 at 1-34.

Upon review of the record, it is clear that Petitioner has not exhausted his grounds for relief in the State court because he admits that he only filed administrative grievances to officials at the FCCC concerning the illegality of his disciplinary confinement.

---

[1]The Court takes judicial notice that Petitioner previously challenged his 1999 conviction for these crimes in this Court at Case Number 2:00-cv-72-FtM-29DNF. Recently, Petitioner filed another habeas petition again challenging his 1999 conviction, which was dismissed by the Court. See Case Number 2:09-cv-39-FtM-29SPC, March 2, 2010 Opinion and Order.

[2]Petitioner also raises claims challenging the conditions of his confinement, as opposed to the duration or fact of his confinement. In particular, Petitioner alleges that double-bunking constitutes cruel and unusual punishment, complains that he has been retaliated against for writing grievances, and has been denied access to court. Claims that challenge the conditions of confinement are appropriately raised in a civil rights complaint, not a habeas corpus action.

Petitioner did not file a mandamus or other habeas action seeking relief in the State court challenging the fact or duration of his disciplinary confinement.  In Florida, "[a] writ of habeas corpus may be employed to secure the release of a person who is being unlawfully detained." Cole v. State, 714 So.2d 479, 492 (Fla. 2nd DCA 1998)(citing McCrae v. Wainwright, 439 So.2d 868 (Fla. 1983)). See also Durden v. Briody, 787 So.2d 260, 262 (Fla. 2d DCA 2001); Kearney v. Barker, 834 So.2d 347 (Fla. 4th DCA 2003).

In recognition of the nature of comity between the national and state sovereignties in our federal system, this Court should give the state court an opportunity to rule on Petitioner's claims. For this reason, this case will be dismissed, without prejudice, to give Petitioner the opportunity to exhaust his State court remedies.  See Rose v. Lundy, 455 U.S. 509 (1982); see also 28 U.S.C. § 2254(b)(1)(A).

Accordingly, it is now

**ORDERED:**

1.  This case is dismissed without prejudice.

2.  The Clerk of the Court shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability.  A party seeking a writ of habeas

corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). <u>Id.</u> "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." <u>Id.</u> at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** in Fort Myers, Florida, on this 10th day of March, 2010.

Charlene Edwards Honeywell
United States District Judge

SA: hmk

Copies: All Parties of Record